charge of murder or trespass, in the regular judicial tribunals of the country. In the case of Little v. Barreme [2 Cranch (6 U. S.) 170] the supreme court of the United States felt every motive which could affect them as men to excuse an unlawful act performed by a meritorious officer. He was at sea, without the possibility of consulting with counsel or others as to the legality of the act he was about to execute, and which appeared to him to be authorized by the chief executive magistrate of the nation in the instructions received from the navy department. Notwithstanding all these powerful pleas in his favour, pleas which were addressed strongly to the feelings of those who were to decide on his case, the supreme court conceived that the law of the land did not warrant the instructions given, and consequently that the officer was not justified in what he did. I am not sure, but I am induced to think that he afterwards obtained relief from congress.

This is said to be a hard case upon the defendants, because, if they had refused obedience to the order of the governor, they would have been punished by the state. I acknowledge it is a hard case; but with this you have nothing to do if the law is against the defendants. It may, however, be observed that, had the defendants refused obedience, and been prosecuted before a military or state court, they ought to have been acquitted, upon the ground that the orders themselves were unlawful and void, and we ought, of course, to suppose that they would have been acquitted.

We enter not into the political discussions which have been so ably conducted on both sides, but we admonish you to discard from your minds all political considerations, all party feelings, and all federal or state prejudices. The questions involved in this case are in the highest degree momentous, and demand a cool and dispassionate consideration. We rely upon your integrity and wisdom for a decision which you can reconcile to your consciences, and to the duties which you owe to God and to your country.

The jury found the following special verdict: "And now, to wit, on this first day of May, in the year aforesaid, the jurors, sworn and affirmed and impannelled as aforesaid, upon their oaths and affirmations aforesaid do find that on the said 25th of March, 1809, in the city of Philadelphia, aforesaid, that the defendants did knowingly and wilfully obstruct, resist, and oppose the said John Smith, then and there being an officer of the said United States, to wit, the marshal of the district of Pennsylvania, in attempting then and there to serve and execute the said judicial writ of arrest in the indictment mentioned, and that the said defendants then and there acted under the orders of the constituted authorities of the commonwealth of Pennsylvania in so obstructing, resisting, and opposing the said marshal, as aforesaid; and whether, upon the whole matter the law is in favour of the United States, or of the defendants, the jurors aforesaid refer to the consideration of the court; and if the court are of opinion that the law is for the United States, then the jurors aforesaid do find the defendants, and every of them, guilty; but if the court are of opinion that the law is for the defendants, then they find the defendants not guilty."

At a subsequent day, judgment was entered on the verdict in favour of the United States, and Gen. Bright was sentenced to be imprisoned for three months and to pay a fine of $200; and the other defendants to one month's imprisonment and a fine of $50 each; but they were immediately pardoned by the president of the United States.

---

## Case No. 14,648.

UNITED STATES v. The BRIGHT STAR.

[See Case No. 1,880.]

---

## Case No. 14,649.

UNITED STATES v. BRIONES.

[Hoff. Land Cas. 111.] [1]

District Court, N. D. California. Dec. Term, 1855.

MEXICAN LAND GRANT — VALIDITY OF GRANT.

The validity of this claim undoubted.

Claim [by Juana Briones] for one square league of land in Santa Clara county [the Rancho La Purisima Concepcion], confirmed by the board, and appealed by the United States.

S. W. Inge, U. S. Atty

Halleck, Peachy & Billings, for appellee.

HOFFMAN, District Judge. The board of commissioners, in their opinion in this case, observe that it presents no point of doubt or difficulty. The genuineness of the original grant is fully established. The grantees are shown to have been in the possession and occupation of the land for several years prior to their grant, and continued to reside on it until 1844, when, with the permission of the governor, it was sold to the present claimant. The latter has resided on it up to the time of the filing of her petition.

In a note appended to the original grant, the boundaries are indicated with much precision; and the grant declares the quantity of land granted to be one square league. No objection was made to this claim on behalf of the United States, and we think it should be confirmed to the appellee.

A decree to that effect will therefore be entered.

[1] [Reported by Numa Hubert, Esq., and here reprinted by permission.]